UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 16-cv-23744-UNGARO

BRYAN RAMIREZ,                                    )
                                                  )
            Plaintiff,                            )
                                                  )
v.                                                )
                                                  )
DIAMOND TOUCH, INC. d/b/a                         )
GRANBURY SOLUTIONS, a Foreign Profit              )
Corporation; NovaNovaPos, Inc., et al.,           )
                                                  )
            Defendants.                           )
                                                  )
_____         )

**DEFENDANT, NOVANOVAPOS, INC.'s, ANSWER AND AFFIRMATIVE DEFENSES**

        Defendant, NOVANOVAPOS, INC. ("NovaNova"), responds to the specifically numbered paragraphs of the Complaint of Plaintiff, BRYAN RAMIREZ ("Plaintiff"), as follows:

    1. NovaNova admits that Plaintiff has filed this action purportedly on behalf of himself and other similarly situated individuals under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").  NovaNova denies that Plaintiff or any similarly situated individuals are entitled to any relief or damages under the FLSA.

    2. NovaNova neither admits nor denies the allegations contained in Paragraph 2 of the Complaint, as they call for a legal conclusion to which no response is required.

    3. NovaNova is without knowledge or information sufficient to form a belief regarding Plaintiff's residency and, therefore, denies those allegations.  Plaintiff denies the remaining allegations contained in Paragraph 3 of the Complaint.

    4. NovaNova is without knowledge regarding the allegations raised in Paragraph 4 of the Complaint and therefore denies those allegations.

Case No.: 16-cv-23744-UNGARO

5.  NovaNova admits that when it was open for business it had an office in Miami-Dade County and that Plaintiff worked for NovaNova before the company was sold.  NovaNova denies all remaining allegations contained in Paragraph 5 of the Complaint.

6.  NovaNova admits that SHAI BENAMO is a corporate officer of NovaNova.  NovaNova denies all remaining allegations contained in Paragraph 6 of the Complaint.

7.  NovaNova admits that ORI TAMUZ is a corporate officer of NovaNova.  NovaNova denies all remaining allegations contained in Paragraph 7 of the Complaint.

8.  NovaNova admits that AMIR EGEL is a corporate officer of NovaNova.  NovaNova denies all remaining allegations contained in Paragraph 8 of the Complaint.

9.  NovaNova neither admits nor denies the allegations contained in Paragraph 9 of the Complaint, as they call for a legal conclusion to which no response is required.

10. NovaNova admits that Plaintiff seeks the relief set forth in Paragraph 10 of the Complaint, but denies that Plaintiff or any purported similarly situated individuals are entitled to such relief.

11. NovaNova is without knowledge as to the allegations contained in Paragraph 11 of the Complaint and therefore denies same.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. NovaNova repeats and reasserts its responses to Paragraphs 1 through 15 of the Complaint as though fully set forth herein.

17. The allegations contained in Paragraphs 16 through 24 of the Complaint, including the unnumbered "WHEREFORE" clause immediately following said Paragraphs, are directed at Co-Defendant, DIAMOND TOUCH, INC., and do not require an answer from NovaNova.  To the extent that a response is required from NovaNova, NovaNova repeats and realleges the statements and denials set forth in Paragraphs 1 through 15 of this Answer, and denies the allegations contained in Paragraphs 16-24 of the Complaint.

18. The allegations contained in Paragraphs 16 through 24 of the Complaint, including the unnumbered "WHEREFORE" clause immediately following said Paragraphs, are directed at Co-Defendant, DIAMOND TOUCH, INC., and do not require an answer from NovaNova.  To the extent that a response is required from NovaNova, NovaNova repeats and realleges the statements and denials set forth in Paragraphs 1 through 15 of this Answer, and denies the allegations contained in Paragraphs 16-24 of the Complaint.

19. The allegations contained in Paragraphs 16 through 24 of the Complaint, including the unnumbered "WHEREFORE" clause immediately following said Paragraphs, are directed at Co-Defendant, DIAMOND TOUCH, INC., and do not require an answer from NovaNova.  To the extent that a response is required from NovaNova, NovaNova repeats and realleges the statements and denials set forth in Paragraphs 1 through 15 of this Answer, and denies the allegations contained in Paragraphs 16-24 of the Complaint.

20. The allegations contained in Paragraphs 16 through 24 of the Complaint, including the unnumbered "WHEREFORE" clause immediately following said Paragraphs, are directed at Co-Defendant, DIAMOND TOUCH, INC., and do not require an answer from NovaNova.  To the extent that a response is required from NovaNova, NovaNova repeats and realleges the

statements and denials set forth in Paragraphs 1 through 15 of this Answer, and denies the allegations contained in Paragraphs 16-24 of the Complaint.

21. The allegations contained in Paragraphs 16 through 24 of the Complaint, including the unnumbered "WHEREFORE" clause immediately following said Paragraphs, are directed at Co-Defendant, DIAMOND TOUCH, INC., and do not require an answer from NovaNova.  To the extent that a response is required from NovaNova, NovaNova repeats and realleges the statements and denials set forth in Paragraphs 1 through 15 of this Answer, and denies the allegations contained in Paragraphs 16-24 of the Complaint.

22. The allegations contained in Paragraphs 16 through 24 of the Complaint, including the unnumbered "WHEREFORE" clause immediately following said Paragraphs, are directed at Co-Defendant, DIAMOND TOUCH, INC., and do not require an answer from NovaNova.  To the extent that a response is required from NovaNova, NovaNova repeats and realleges the statements and denials set forth in Paragraphs 1 through 15 of this Answer, and denies the allegations contained in Paragraphs 16-24 of the Complaint.

23. The allegations contained in Paragraphs 16 through 24 of the Complaint, including the unnumbered "WHEREFORE" clause immediately following said Paragraphs, are directed at Co-Defendant, DIAMOND TOUCH, INC., and do not require an answer from NovaNova.  To the extent that a response is required from NovaNova, NovaNova repeats and realleges the statements and denials set forth in Paragraphs 1 through 15 of this Answer, and denies the allegations contained in Paragraphs 16-24 of the Complaint.

24. The allegations contained in Paragraphs 16 through 24 of the Complaint, including the unnumbered "WHEREFORE" clause immediately following said Paragraphs, are directed at Co-Defendant, DIAMOND TOUCH, INC., and do not require an answer from NovaNova.  To the

extent that a response is required from NovaNova, NovaNova repeats and realleges the statements and denials set forth in Paragraphs 1 through 15 of this Answer, and denies the allegations contained in Paragraphs 16-24 of the Complaint.

25. NovaNova repeats and reasserts its responses to Paragraphs 1 through 15 of the Complaint as though fully set forth herein.

26. 29 U.S.C. § 201, et seq. speaks for itself.  NovaNova admits that Plaintiff purports to seek the relief set forth in Paragraph 26 of the Complaint, however, NovaNova denies that Plaintiff or any purported similarly situated individual is entitled to such relief.

27. NovaNova neither admits nor denies the allegations contained in Paragraph 27 of the Complaint, as they call for a legal conclusion to which no response is required.

28. Denied.

29. NovaNova admits that its gross revenue before the company was sold exceeded $500,000 per year.  NovaNova neither admits nor denies the remaining allegations contained in Paragraph 29 of the Complaint as they call for a legal conclusion to which no response is required.

30. NovaNova neither admits nor denies the allegations contained in Paragraph 30 of the Complaint, as they call for a legal conclusion to which no response is required.

31. NovaNova admits that Plaintiff seeks to recover unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of the Complaint.  NovaNova denies that Plaintiff or any purported similarly situated individuals are entitled to any relief in this action.

32. Denied.

33. Denied.

34. The Complaint does not contain a Paragraph numbered 34; therefore, denied.

35. The Complaint does not contain a Paragraph numbered 35; therefore, denied.

36. The Complaint does not contain a Paragraph numbered 36; therefore, denied.

37. The Complaint does not contain a Paragraph numbered 37; therefore, denied.

38. The allegations contained in Paragraphs 38 through 52 of the Complaint, including the unnumbered "WHEREFORE" clauses immediately following said Paragraphs, are directed at Co-Defendants, Shai Benamo, Ori Tamuz, and Amir Egel, and do not require an answer from NovaNova.  To the extent that a response is required from NovaNova, NovaNova repeats and realleges the statements and denials set forth in Paragraphs 1 through 15 of this Answer, and denies the allegations contained in Paragraphs 38-52 of the Complaint, including the unnumbered "WHEREFORE" clauses immediately following said Paragraphs.

## AFFIRMATIVE DEFENSES

1. Plaintiff was not an employee of NovaNova within the 2-year statute of limitation imposed on FLSA actions.

2. NovaNova asserts that it acted, or omitted to act, in good faith and that it had reasonable grounds for believing that its actions were not violative of the FLSA. Thus, pursuant to 29 U.S.C. § 260, even if Plaintiff is found to be entitled to overtime against NovaNova, liquidated damages should not be awarded for any alleged violations.

3. Plaintiff's FLSA Complaint is frivolous because Plaintiff has named NovaNova as a Defendant when the Plaintiff and his lawyers knew that Plaintiff did not work for NovaNova within the applicable statute of limitations.

4. Plaintiff's FLSA Complaint is frivolous because Plaintiff has named NovaNova as a Defendant when the Plaintiff knew (a) that he was paid for all hours worked (including any

alleged overtime) and (b) that he was paid bonuses and other forms of monetary compensation that vastly covered any alleged unpaid overtime claimed by Plaintiff.

5. NovaNova did not willfully deprive any person of any wages to which they may be entitled.

6. NovaNova asserts that Plaintiff's claims, if any, are governed by a two-year statute of limitations under 29 U.S.C. § 255(a) because NovaNova's conduct was not willful.

7. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

8. Any claim for overtime compensation must be offset by any compensation paid to Plaintiff, at his regular rate or otherwise, bonuses, for meal breaks, other breaks, vacation and holidays, as well as for hours worked in excess of 40 hours each workweek, if any.

9. Plaintiff was responsible for recording and reporting his own work hours. Plaintiff's claims under the FLSA are barred by the doctrine of estoppel, waiver, and/or unclean hands to the extent that Plaintiff seeks compensation for hours of work which contradict his prior representations regarding the hours he worked made during his employment.

10. Any work performed by Plaintiff was completely voluntary in nature and without NovaNova's knowledge or authorization, was not required by NovaNova as a term or condition of Plaintiff's continued employment, and does not constitute compensable working time under the FLSA.

11. Even if the allegations contained in Plaintiff's Complaint are true (which they are not), to the extent that the time for which Plaintiff alleges he has not been compensated involves only insubstantial or insignificant periods of time, these period of time are "de minimis" and are not compensable under the FLSA pursuant to 29 C.F.R. § 785.47.

12. NovaNova seeks a good-faith extension of the law, such that Plaintiff's claims are barred, in whole or in part, based on the principles set forth in Faragher v. City of Boca Raton, 524 U.S. 775 (1998), that NovaNova exercised reasonable care to prevent and promptly correct any violation of the FLSA, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by NovaNova or to avoid harm otherwise. NovaNova acted, and continue to act, in conformity with and in reliance upon the FLSA and any and all other applicable law(s), rule(s) and/or regulation(s). Based upon Plaintiff's job duties, classification, and work performed, Plaintiff received proper compensation from NovaNova during his employment.

13. NovaNova reserves its right to assert that the claims of a yet unnamed member of the collective action (assuming this matter proceeds as a collective action, which it should not) are barred, in whole or in part, by the relevant statute(s) of limitations.

14. Plaintiff's claim against NovaNova is barred, in whole or in part, to the extent he seeks to recover monies for periods after May 1, 2014, as NovaNova was not an employer under the FLSA, and had no ownership or operational or other interest in the location where Plaintiff worked after this date.

15. For some or all of the claims asserted, individual issues of fact or law predominate over common issues.

16. Plaintiff is not entitled to maintain this lawsuit as a collective action to the extent that discovery reveals he is not an adequate representative of those individuals he purports to represent.

17. Plaintiff is not entitled to maintain this lawsuit as a collective action. Plaintiff cannot satisfy the numerosity, commonality, typicality, and/or the adequate representative standards and/or requirements necessary for this case to proceed as an opt-in class or collective action.

18. Plaintiff may not be entitled to any recovery because any alleged acts or omissions may have been made by NovaNova in good faith in conformity with and reliance on applicable administrative regulations, orders, rulings, approvals or interpretations, or administrative practice or enforcement policies with respect to the class of employers to which NovaNova belongs.

19. Plaintiff's claims are barred to the extent that she did not work more than forty (40) hours in one workweek.

20. Plaintiff is not entitled to damages for hours not actually worked during any workweek.

21. Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which he engaged in certain activities that were preliminary or postliminary to their principal activities.

22. Assuming, *arguendo*, that Plaintiff is deemed to be entitled to overtime compensation, he would be entitled to only half his regular rate for all hours worked over forty during any workweek, because he was paid his regular rate for all hours worked, including any hours worked over forty during any workweek.

23. To the extent NovaNova or the other corporate defendant is found not to be liable, the individual Defendants, Shai Benamo, Ori Tamuz, and Amir Egel, are also not liable for any violations of the FLSA because any claim against them would only be a derivative of the claim against the company Defendant. See, e.g., *Casseus v. First Eagle, LLC, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008)*.

Case No.: 16-cv-23744-UNGARO

24. NovaNova is entitled to indemnification and contribution from DIAMOND TOUCH, INC. d/b/a GRANBURY SOLUTIONS, including NovaNova's attorney's fees.  To the extent Plaintiff is entitled to any relief from NovaNova as a result of the acts or omissions of DIAMOND TOUCH, INC., NovaNova reserves the right to file a cross-claim against DIAMOND TOUCH, INC. for contractual, statutory, and common law indemnification and contribution, which will include a claim for attorney's fees and costs.

25. DIAMOND TOUCH, INC. d/b/a GRANBURY SOLUTIONS must hold harmless NovaNova for any damages it incurs in this action, including the payment of attorney's fees and costs, which are caused by the acts or omissions of DIAMOND TOUCH, INC. d/b/a GRANBURY SOLUTIONS.  NovaNova reserves the right to file a cross-claim against DIAMOND TOUCH, INC. under contract law.

26. NovaNova and DIAMOND TOUCH, INC. are not and have never been joint employers and therefore they cannot be jointly and severally liable under the FLSA.

**WHEREFORE**, Defendant, NovaNovaPos, Inc., respectfully requests that the Court: (a) dismiss with prejudice the Complaint in its entirety; (b) award NovaNova its costs, disbursements, and attorneys' fees as may be allowed under 29 U.S.C. §§201-216, 28 U.S.C. §1927, and under the federal rules of civil procedure.; and (c) award NovaNova such other and further relief as this Court may deem just and appropriate.

## JURY DEMAND

NovaNova hereby requests trial by jury on all issues so triable.

Case No.: 16-cv-23744-UNGARO

Respectfully submitted,

**s/R. Martin Saenz**
R. Martin Saenz (FBN: 0640166)
E-mail: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for NovaNovaPos, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ **R. Martin Saenz**

Case No.: 16-cv-23744-UNGARO

## SERVICE LIST

**BRYAN RAMIREZ v. DIAMOND TOUCH, INC. d/b/a GRANBURY SOLUTIONS, a**
**Foreign Profit Corporation, et al.**
Case No.16-cv-23744
**United States District Court, SOUTHERN District of Florida**

R. Martin Saenz
E-Mail: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Suite 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for NovaNovaPos, Inc.*

**Allison Gluvna Folk**
Jackson Lewis P.C.
One Biscayne Tower, Suite 3500
2 S. Biscayne Boulevard
Miami, FL 33131
(305) 577-7600
Fax: (305) 373-4466
Email: allison.folk@jacksonlewis.com
*Attorney for DIAMOND TOUCH, INC.*

**Jennifer A. Schwartz**
Jackson Lewis P.C.
One Biscayne Tower
2 South Biscayne Blvd.
Suite 3500
Miami, FL 33131
305-577-7600
Fax: 305-373-4466
Email:
Jennifer.Schwartz@jacksonlewis.com
*Attorney for DIAMOND TOUCH, INC.*

**Anthony Maximillien Georges-Pierre**
Remer & Georges-Pierre, PLLC
Court House Tower
44 West Flagler Street
Suite 2200
Miami, FL 33130
305-416-5000
Fax: 305-416-5005
Email: agp@rgpattorneys.com
*Attorney for Plaintiff*