UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:16-cv-23744-Ungaro/Otazo-Reyes

BRYAN RAMIREZ,
and other similarly-situated individuals,

        **Plaintiff,**

v.

DIAMOND TOUCH, INC.,
a Foreign Profit Corporation, *d/b/a*
**GRANBURY SOLUTIONS,**
**NOVANOVAPOS, INC.,**
a Florida Profit Corporation, *d/b/a*
**NOVA POINT OF SALE,**
**SHAI BENAMO** individually,
**ORI TAMUZ,** individually, and
**AMIR EGEL,** individually,

        **Defendants.**

_____/

## PLAINTIFF BRYAN RAMIREZ'S MOTION FOR DEFAULT FINAL JUDGMENT AGAINST ORI TAMUZ ONLY

Plaintiff, **BRYAN RAMIREZ** (hereinafter "Plaintiff" or "Ramirez"), by and through undersigned counsel, pursuant to this Honorable Court's Order [ECF No. 18] directing Plaintiff to file his Motion for Default Final Judgment as to Defendant Ori Tamuz ("Tamuz"), Federal Rule of Civil Procedure 55 and Local Rules for the Southern District, hereby files this Motion for Default Final Judgment against Defendant, **ORI TAMUZ,** individually ("Tamuz"), and states as follows in support:

1.  On or about September 28, 2016, Plaintiff Ramirez filed his Motion for Clerk's Entry of Default as to Defendant Tamuz for Defendant Tamuz's failure to plead or otherwise defend this matter[1]. *See* [ECF No. 16].

2.  On or about September 28, 2016, this Honorable Court entered its Order directing the Clerk of the Court to enter Default against Defendant Tamuz and directing Plaintiff to file this Instant Motion before Friday, October 7, 2016. *See* [ECF No. 18].

3.  On or about September 28, 2016, an Entry of Default by the Clerk was entered in line with Federal Rule of Civil Procedure 55(a) and this Honorable Court's Order [ECF No. 18] for Defendant Tamuz's failure to plead or otherwise defend this matter. *See* [ECF No. 19].

4.  In compliance with this Honorable Court's Order [ECF No. 18] and Federal Rule of Civil Procedure 55(b)(2), Plaintiff Ramirez has filed a sworn declaration to provide evidence to this Court on the amount damages in this matter which allows this Court to enter judgment against Defendant. *See* Exhibit A; *see also Wright v. Holifield*, No. 11-00658-CG-B (S.D. Ala. November 26, 2012)(Granting Motion for Final Default Judgment where plaintiff's affidavit set forth claim for total wages and liquidated damages together with the calculation by which plaintiff arrived at that amount).

5.  As detailed in Plaintiff Ramirez's declaration [Exhibit A], Plaintiff requests unpaid wages in the amount of $9,750.00 plus an equal additional amount of unpaid wages as liquidated damages, totaling $19,500.00. *See* Exhibit A.

6.  Plaintiff Ramirez is entitled to liquidated damages in this FLSA case.[2]

---

[1] On August 27, 2017, Defendant Ori Tamuz was served with Plaintiff's Complaint. [ECF No. 15]. As such, Defendant Tamuz's response to the Complaint was due on September 19, 2016. Fed. R. Civ. P. 12(a)(1)(A)(i). *See* [ECF No. 18]. To date, no response has been filed by Defendant Tamuz. *See* Exhibit B (Affidavit by process server).

7. Plaintiff Ramirez additionally requests this Court award attorneys' fees and costs pursuant to the FLSA. To that end, Plaintiff Ramirez will separately file a Motion for Attorneys' Fees and as to Tax Costs as to Defendant Tamuz.

8. Pursuant to Rule 55 of the Federal Rules of Civil Procedure, Court Order [ECF No. 18] and Local Rule 7.1 of the Local Rules for the Southern District of Florida, Plaintiff Ramirez files this Motion for Default Final Judgment against Defendant Tamuz.

<u>**MEMORANDUM OF LAW**</u>

Pursuant to Rule 4(m) and Rule 55 of the Federal Rules of Civil Procedure and Local Rule 7.1 of the Local Rules for the Southern District of Florida Plaintiff files this memorandum and respectfully moves this Court for an Order of Default Final Judgment against Defendant Tamuz.

Plaintiff requests that this Court enter a Default Final Judgment against Defendant Tamuz for damages in the amount claimed by Plaintiff in his affidavit [Exhibit A] plus liquidated damages and attorneys' fees and costs. Plaintiff requests that the Court also award Plaintiff's reasonable attorneys' fees and costs pursuant to the FLSA. *See Dionne v. Floormasters Enterprises, Inc.*, 667 F. 3d 1199 (11th Circuit 2012) citing 29 U.S.C. § 216(b)

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee [] affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, [] and in an additional equal amount as liquidated damages .... The court in such action shall, *in addition to any judgment awarded to the plaintiff or plaintiffs,* allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

---

[2] *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304 (11th Cir. 2013) *citing Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945) (plaintiff cannot waive her right to liquidated damages in FLSA [] when there is no genuine dispute about whether she is entitled to them. . . [b]y enacting the FLSA, Congress intended 'to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce.').

667 F.3d 1199.

Plaintiff requests that this Court award Plaintiff's damages as specified in Plaintiff's affidavits and attorneys' fees and costs. *See Duarte, at al. v. North and South Construction, et al.*, No. 16-CV-20310-JAL (S.D. Fla. May 3, 2016) (Granting Final Judgment in favor of Plaintiffs and awarding reasonable attorneys' fees).

By Default, Defendant Tamuz has admitted to liability to pay Plaintiff's damages. *See Huston v. South Bay Investors #101, LLC.*, No. 13-80193-cv-Hurley (S.D. Fla. July 25, 2013) *citing Cotton v. Mass Mut. Life Ins. Co.*, 402 F.3d 1267, 1277-78 (11th Cir. 2005)([u]pon a clerk's entry of default, a defendant is deemed to have admitted the well-pleaded allegations of the complaint.).

**Plaintiff is entitled to liquidated damages**. Defendant Tamuz did not set forth any evidence to show that he had taken any affirmative steps or actions to verify his compliance with the Fair Labor Standards Act vis-à-vis the payment of the Plaintiff's wages. Under these circumstances, where Defendant Tamuz set forth no evidence of a "good faith" defense for non-compliance with the FLSA, liquidated damages must be imposed on Defendant Tamuz as a matter of law. Moreover, if the employers' acts are found to be willful, then the plaintiff has a three years statute of limitation. By Default, Defendant Tamuz has admitted that he intentionally did not pay overtime to Plaintiff Ramirez in violation of the FLSA. Therefore, liquidated damages should be imposed against Defendant Tamuz, and a three year statute of limitations should apply.

## LIQUIDATED DAMAGES ARE NON-DISCRETIONARY IN THIS CASE AND ARE PROPERLY ASSESSED AGAINST DEFENDANT TAMUZ.

**As stated in 29 U.S.C. 216(B):** (b) Damages; right of action; attorney's fees and costs; termination of right of action, Any employer who violates the provisions of section 6 or section 7

4

of this Act [29 USCS §§ 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

Double damages are the "norm" and Defendants Tamuz's burden to escape the imposition of "double damages" is a heavy one. Liquidated damages are non-discretionary under these circumstances where the employer took no affirmative steps to verify compliance with the F.L.S.A. in relation to the payment of Plaintiffs' wages. *See Martin v. Cooper Electric Supply Co.*, 940 F.2d 896 (3rd Cir. 1991). The employer's burden of proof is a difficult one to meet to avoid the imposition of double damages. *Brock v. Wilamowsky*, (2nd Cir. 1987) and "Double damages are the norm, single damages the exception." *Walton v. United Consumers Club, Inc.*, 786 F.2d 303 (7th Cir. 1986) cited by *Martin*, supra. There is a strong presumption under the Statute for doubling damages. *Shea v. Galaxie Lumber & Construction Company, Ltd.*, 152 F.3d 729 (7th Cir. 1998). Indeed, under the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith. *See Luster v. DeSoto Kwik Kar, Inc.*, No. 3:13-cv-0940-B (N.D. Tx. November 20, 2013) *citing Nero v. Indus. Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999). Because Defendant Tamuz has failed to respond to Plaintiff's Complaint, he has also failed to sustain his burden of showing good faith. *Id.*

The Eleventh Circuit has adopted the imposition of double damages where there was no evidence of a "good faith" error on the Defendants' part in not complying with the FLSA. *See EEOC v. White and Son Enterprises*, 881 F.2d 1006 (11th Cir. 1989); *see also Reeves v. Int'l Telephone and Telegraph Corp.*, 616 F.2d 1342 (5th Cir. 1980). Here, Defendant Tamuz admits

5

that he intentionally failed to pay overtime to the Plaintiff in violation of the FLSA. As such, liquidated damages are non-discretionary in this case and should be assessed against Defendant Ori Tamuz. *See Joiner v. City of Macon*, 814 F.2d 1537 (11th Cir. 1987).

Moreover, based on the Court entering a Default Final Judgment, the Court should apply a three year statute of limitations. *McLaughlin, Sec. of Labor v. Richland Shoe Co.*, 486 U.S. 128 (1988); *Reich v. Dept. of Conservation and Nat. Res.*, 28 F.3d 1076 (11th Cir. 1994). Here, the Defendant Tamuz, by Default, now admits he both knew that the FLSA applied to him and admits he intentionally failed to pay Plaintiff Ramirez overtime compensation in violation of the FLSA.

**WHEREFORE**, Plaintiff Ramirez respectfully requests that this Honorable Court enter a Final Default Judgment against Defendant Ori Tamuz, individually as to liability in this matter and award damages in the amount of $19,500.00 to Plaintiff Ramirez inclusive of back wages and liquidated damages, plus reasonable attorneys' fees and costs.

Dated: September 29, 2016.

Respectfully submitted,

**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
**Anaeli C. Petisco, Esq.**
Florida Bar No.: 113376
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
Email: agp@rgpattorneys.com
Email: apetisco@rgpattorneys.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 29, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Ori Tamuz**
4469 ALTON ROAD
MIAMI BEACH, FL 33140

*PRO SE DEFENDANT*

By: _____

**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637