# EXHIBIT A

## DECLARATION OF BRYAN RAMIREZ PURSUANT TO 28 U.S.C. § 1746

THE UNDERSIGNED hereby makes this Sworn declaration pursuant to 28 U.S.C. §1746, and under penalty of perjury, states as follows:

1. My name is Bryan Ramirez. I am fully competent to make this declaration and do so based upon the best of my knowledge, both direct and indirect, of the information stated below, and I am authorized to make the statements and representations herein.

2. I am *sui juris*, of majority age, and I declare, certify, verify and state under penalty of perjury, that the following statements are true and correct to the best of my knowledge, information and belief, based on either personal knowledge or review of relevant documents and records.

3. If called to testify before the Court with regard to the contents of this Sworn Declaration, my testimony will be identical to the contents hereof.

4. I worked for Diamond Touch, Inc. *d/b/a* Grandbury Solutions, NovaNovaPos, Inc., *d/b/a* Nova Point of Sale. Shai Benamo, individually, Ori Tamuz, individually and Amir Egel, individually at various points throughout my employment. At one point, after I had been working there for many years, Diamond Touch, Inc. bought NovaNovaPOS and Ori Tamuz stayed on as decision-maker.

5. I worked from on or about September 2011 through on or about July 2015 in the Information Technology Department. Ori Tamuz was the final decision-maker in the Information Technology Department. My Supervisors Rafael Divir and Itzihk Mosley know that I worked more than my scheduled shifts each day. I would often tell them that while doing the midnight shift the person that was supposed to relive me would get in late. Sometimes, this was two and three hours late, so I had to stay an extra two to three hours that I wasn't paid for. They would tell me that they would put the extra time in, but they never did. I was not required to clock-in or clock-out. They would just pay based off of what I was scheduled to work, even though they knew I worked more. This is something that everyone did.

6. I understand that the relevant time period that I am claiming is from July 28, 2013 to July 1, 2015 (about 100 weeks) for not being paid my overtime hours. I worked approximately five (5) overtime hours each week while I was employed. Those overtime hours were not paid. I was only paid the hours on the schedule. So, each day when I had to stay longer than my scheduled shift, that was not paid even though I would tell them about it.

7. I was paid $13.00 per hour and I would receive my paycheck on the 15th and on the last day of the month. My overtime rate of pay would have been $19.50 ($13.00 x 1.5). Because I worked an additional approximate five (5) hours over the time I was scheduled to work, I am owed about $9,750.00 ($19.50 x 5 hours x 100 weeks) in unliquidated unpaid overtime wages.

8. I am also requesting and additional equal amount as liquidated damages because Ori Tamuz did not pay me my overtime that I regularly did. In total, including liquidated damages, I am claiming $19,500.00.

9. I am also claiming my attorneys' fees and costs to date.

**FURTHER DECLARANT SAYETH NOT.**

### VERIFICATION PURSUANT TO FLA. STAT. § 92.525

Under penalties of perjury, I, _Bryan Ramirez_, declare that I have read the foregoing and that the facts contained in herein are true.

Executed on this _29_ day of _September_, 2016.

_Ramirez_
Sign name

_Bryan Ramirez_
Print name

Florida License
R562-061-58-124-0

Elsa Peraza
March 28, 2017

Elsa Peraza
COMMISSION # FF3310
EXPIRES: March 28, 2017
WWW.AARONNOTARY.COM