UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 16-23744-CIV-UNGARO

BRYAN RAMIREZ,                    )
                                  )
            Plaintiff,            )
                                  )
v.                                )
                                  )
DIAMOND TOUCH, INC. d/b/a         )
GRANBURY SOLUTIONS, a Foreign Profit )
Corporation, et al.,              )
                                  )
            Defendants.           )
                                  )
                                  )
_____  )

### DEFENDANT, ORI TAMUZ'S VERIFIED MOTION TO VACATE CLERK'S ENTRY OF DEFAULT (D.E. # 19) AND ORDER GRANTING MOTION FOR FINAL DEFAULT JUDGMENT (D.E. # 21)

The Defendant, ORI TAMUZ ("Tamuz"), pursuant to F.R.C.P. 55 (c), 60 (b)(3), 60(b)(4), and 60(b)(6) moves this Honorable Court to vacate (1) the Clerk's Default entered against Tamuz (D.E. # 19) and (2) the Order Granting Plaintiff's Motion for Final Default Judgment (D.E. # 21). In support, Tamuz states:

### BACKGROUND

1.  The Clerk's Default and the Order Granting Plaintiff's Motion for Final Default Judgment were entered against Tamuz in error as he was never properly served with process in this case and because Plaintiff's process server made material misrepresentations to this Court.

2.  On August 11, 2016, Tamuz traveled from Miami to New York and then to Tel Aviv, Israel, where he arrived on August 12, 2016 (*see* **Exhibit "A"**).

3.  On August 28, 2016, Tamuz returned from Tel Aviv, Israel and arrived in the United States on August 28, 2016 (*see* **Exhibit "B"**)[1].

4.  Tamuz was in Israel on August 27, 2016.  He was not in the United States on August 27, 2016.

5.  Plaintiff's process server, John Betancourt, has filed an affidavit indicating:

    a.  That on August 27, 2016 at 3:15 p.m., he personally served Tamuz "by delivering a true copy of [the summons and complaint] to: ORI TAMUZ at the address of: 4469 Alton Rd., Miami Beach, Florida 33140 … and informed [Tamuz] of the contents therein, in compliance with state statutes" (*see* **Exhibit "C"**); and

    b.  That Tamuz "refused to state whether or not [he] is in the Military Service of the United States of America" (*see* **Exhibit "C"**).

6.  Since Tamuz was not in the United States on August 27, 2016, it is impossible for the Plaintiff's process server to (1) have personally served Tamuz on this day, (2) to have advised Tamuz of the contents of a lawsuit "in compliance with state statues", (3) and to have heard Tamuz refuse to state whether or not he was in the military service.

7.  The affidavit prepared by Plaintiff's process server contains false information that constitutes misrepresentations to the Court.

8.  As a result, the Clerk's Default (D.E. # 19) and the Order Granting Motion for Final Default Judgment (D.E. # 21) are void *ab initio* and subject to challenge because this Court never acquired jurisdiction over Tamuz and because the Clerk's Default was obtained based on misrepresentations.

---

[1] Tamuz has redacted his date of birth from these documents, but complete copies have been provided to the Plaintiff's attorneys last week and again this morning.

## LEGAL AUTHORITY AND ARGUMENT

9.   Service of process is required for the Court to obtain jurisdiction over a person. Pursuant to Fed. R. Civ. P. 55, the Court may set aside a default for good cause shown.  To set aside the default, a Court must find that (1) there was excusable neglect on the part of the defaulting party for not answering the complaint; (2) the defaulting party responded promptly after notice of the entry of default; (3) setting aside the default will not prejudice the non-defaulting party; and (4) the defaulting party had a meritorious defense. *Boron v. West Texas Exports, Inc.,* 680 F. Supp. 1532, 1536 (S.D. Fla. 1988).  Failure of service of process is good cause for setting aside the default. *Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries,* 353 F.3d 916 (11th Cir. 2003); *Kelly v. Florida,* 233 F.R.D. 632 (S.D. Fla. 2005).

10. In addition, Federal Rule of Civil Procedure 60(b) provides that a party may obtain relief from a final judgment, order or proceeding if "[(3) there is misrepresentation;] (4) the judgment is void; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A judgment is void under Rule 60(b)(4) if the court that rendered the judgment lacked subject matter jurisdiction, acted inconsistently with due process of law, or was powerless to enter the judgment in the first place. *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001). "Generally, where service of process is insufficient, the [district] court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003); see also *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1368 (11th Cir.1982) (finding a judgment void under Rule 60(b)(4) where the defendant was not properly served); *United States v. Austin*, No. 11-80701-CIV, 2011 U.S. Dist. LEXIS 108108, 2011 WL 4345308, at *3 (S.D. Fla. Sept. 16, 2011) (vacating default and default judgment where the defendant was not properly served with process).

11. Relief under Rule 60(b)(6), the catchall provision, "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir.1993) (internal citations and quotations omitted).

12. "A motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). There is no specific time frame within which to bring a motion pursuant to Rule 60(b)(4).

13. Here, it is clear that service on Tamuz was not perfected.  He could not have known that he needed to respond to a complaint that had not yet been served on him.  Thus, Tamuz has shown good cause to get the Clerk's Default set aside.  *Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries,* 353 F.3d 916 (11th Cir. 2003); *Kelly v. Florida*, 233 F.R.D. 632 (S.D. Fla. 2005).

14. In addition, Tamuz acted promptly upon learning of the default entered against him.  In fact, Tamuz learned of the default on October 3, 2016, when the undersigned told him about the default.  Immediately thereafter, the undersigned communicated to the attorneys for the Plaintiff and inquired about their position regarding a motion to set aside for lack of service, to no avail (*see* **Exhibit "D"**)[2].  This motion is immediately being filed after preparations for Hurricane Matthew caused the undersigned's office to close this past Thursday and Friday.

15. Further, 7 days after notification of the default is in no way prejudicial to the Plaintiff. *See, e.g., Carmody v. MHM Solutions, Inc.*, 2008 U.S. Dist. LEXIS 56112 at 4-5 (providing that a defendant's tardy response that delayed the proceedings for approximately three weeks is not likely to prejudice the plaintiff or adversely impact the Court's docket); *Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, at 237 (14 days after notice was prompt and diligent response).  This is

---

[2] The Plaintiff's attorneys have yet to state their position regarding Tamuz's Motion to Set Aside the Default.  Initially, the Plaintiff's lawyers cited the Jewish Holidays for their delay to respond, then later suggested that the documents the undersigned sent them in support of a motion to vacate default were "very suspicious", and this morning they insisted that the documents sent "fall short of convincing" (*see* **Exhibit "D"**).

especially true when the filing of this motion is occurring immediately after the undersigned's office was closed due to preparations for Hurricane Matthew and after the Plaintiff's lawyers apparently could not confer due to the Jewish Holidays (**Exhibit "D"**). Plaintiff will still has the ability to assert his claims, engage in discovery, and present his case to the fact-finder. The setting aside of the default and the Order Granting Plaintiff's Motion for Final Default Judgment will not affect Plaintiff's ability to recover damages in this action, if he prevails.

16. In addition, Plaintiff alleges entitlement to unpaid overtime compensation. Plaintiff is not entitled to any such relief. First, Tamuz is a former officer and owner of the now dissolved co-Defendant, NovaNova Pos, Inc. (NovaNova). Second, Tamuz was never Plaintiff's "employer" under the FLSA. NovaNova employed Plaintiff from August of 2012 and then Tamuz and others sold NovaNova to the co-Defendant, Diamond Touch, Inc. ("Diamond Touch"), effective on May 1, 2014. Thus, not only Plaintiff cannot sue Tamuz individually, but also, if Tamuz was Plaintiff's employer, Tamuz could certainly not have been Plaintiff's employer once Diamond Touch took over (or before NovaNova employed him). Third, Tamuz incorporates by reference all of the affirmative defenses raised by NovaNova (D.E. # 13).

17. Lastly, because the affidavit filed by Plaintiff's process server contains misrepresentations and because the Court never had jurisdiction over Tamuz, the Clerk's Default and the Order Granting Plaintiff's Motion for Final Default Judgment should be vacated.

## CERTIFICATE OF GOOD FAITH EFFORT TO RESOLVE ISSUES
### (Local Rule 7.1(A)(3))

**I HEREBY CERTIFY** that I have conferred with counsel for Plaintiff in a good faith effort to resolve the issues raised in the motion and have been unable to do so. Specifically,

attorney Anthony Georges-Pierre has stated that the documents provided in support of the motion to set aside "fall short of convincing".

## CONCLUSION

Based on the arguments and authorities cited above, the Defendant, ORI TAMUZ, respectfully requests this Honorable Court to grant this Motion, vacate the Default entered against Defendant, ORI TAMUZ (D.E. # 19), vacate the Order Granting Plaintiff's Motion for Final Default Judgment (D.E. # 21), and grant the Defendant, ORI TAMUZ, any other relief the Court may deem necessary and just.  In addition, the Defendant, ORI TAMUZ, requests to be reimbursed for fees associated with this motion because the Plaintiff and his attorneys should have clearly agreed to the relief sought under the law.  In the alternative, the Defendant, ORI TAMUZ, requests an evidentiary hearing to prove the allegations contained in this motion and for the Court to make a finding that the Plaintiff' process server did not properly serve the Defendant, ORI TAMUZ.

## VERIFICATION

Under 28 U.S.C. § 1746 I hereby declare under penalty of perjury under the laws of the United States that the factual allegations made in the foregoing document are true and correct of my own personal knowledge.

ORI TAMUZ
Dated: October 10, 2016

Respectfully submitted,

s/R. Martin Saenz
R. Martin Saenz (FBN: 0640166)
E-mail:msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida  33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff(s)*

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ R. Martin Saenz

## SERVICE LIST

**BRYAN RAMIREZ v. DIAMOND TOUCH, INC. d/b/a GRANBURY SOLUTIONS, a Foreign Profit Corporation, et al.**
Case No.16-cv-23744
**United States District Court, SOUTHERN District of Florida**

R. Martin Saenz
E-Mail:msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Suite 800
Aventura, Florida  33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549

**Allison Gluvna Folk**
Jackson Lewis P.C.
One Biscayne Tower, Suite 3500
2 S. Biscayne Boulevard
Miami, FL 33131
(305) 577-7600
Fax: (305) 373-4466

*Counsel for Plaintiff(s)*

Email: allison.folk@jacksonlewis.com
*Attorney for DIAMOND TOUCH, INC.*

**Jennifer A. Schwartz**
Jackson Lewis P.C.
One Biscayne Tower
2 South Biscayne Blvd.
Suite 3500
Miami, FL 33131
305-577-7600
Fax: 305-373-4466
Email:
Jennifer.Schwartz@jacksonlewis.com
*Attorney for DIAMOND TOUCH, INC.*

**Anthony Maximillien Georges-Pierre**
Remer & Georges-Pierre, PLLC
Court House Tower
44 West Flagler Street
Suite 2200
Miami, FL 33130
305-416-5000
Fax: 305-416-5005
Email: agp@rgpattorneys.com
*Attorney for Plaintiff*

# EXHIBIT "A"

 Gmail

Ori Tamuz <oritamuz@gmail.com>

**Delta Reservation Itinerary**
1 message

Delta Air Lines <DeltaAirLines@e.delta.com>                                      Thu, Jun 30, 2016 at 12:12 PM
Reply-To: Delta Air Lines <support-b8v4w4ybfpayqkauzyzz8qc4t5tgqh@e.delta.com>
To: oritamuz@gmail.com



Hello, ORI                                                         SkyMiles® #*******404 >

**Your Trip Confirmation #: H6CJD4**                         MANAGE MY TRIP >

**Thank you for choosing Delta.** This information is a copy of your itinerary and not a receipt. If
you are holding this itinerary, be sure to complete your purchase before the deadline by calling 1-
800-221-1212. For a complete list of world wide phone numbers, please visit
www.delta.com/contact_us.

| **Thu, 11AUG** | **DEPART** | **ARRIVE** |
| --- | --- | --- |
| DELTA 547 | MIAMI, FL | NYC-KENNEDY |
| | 7:17pm | 10:27pm |
| DELTA 468 | NYC-KENNEDY | TEL AVIV, ISRAEL |
| | 11:59pm | 5:30pm |
| | | **Fri 12AUG |
| **Sun, 28AUG** | **DEPART** | **ARRIVE** |
| DELTA 469 | TEL AVIV, ISRAEL | NYC-KENNEDY |
| | 12:30am | 5:15am |
| DELTA 2190 | NYC-KENNEDY | MIAMI, FL |
| | 8:10am | 11:30am |

**Arrival date is different than departure date.

Baggage and check-in requirements vary by airport and airline, so please check with the operating
carrier on your ticket. Please review Delta's check-in requirements and baggage guidelines for
details.

You must be checked in and at the gate at least 15 minutes before your scheduled departure time
for travel inside the United States. You must be checked in and at the gate at least 45 minutes
before your scheduled departure time for international travel.

For tips on flying safely with laptops, cell phones, and other battery-powered devices, please visit
http://SafeTravel.dot.gov.

**Passenger Info**

| NAME | FLIGHT | SEAT |
| --- | --- | --- |
| ORI TAMUZ | DELTA 547 | Not Assigned |
| SkyMiles #*******404 | DELTA 468 | Not Assigned |
| | DELTA 469 | Not Assigned |
| | DELTA 2190 | Not Assigned |

**Passenger Info**

| NAME | FLIGHT | SEAT |
| --- | --- | --- |
| NETALI PELES | DELTA 547 | Not Assigned |
| SkyMiles #*******176 | DELTA 468 | Not Assigned |
| | DELTA 469 | Not Assigned |
| | DELTA 2190 | Not Assigned |



# EXHIBIT "B"



# U.S. Customs and Border Protection

**Today is: Sun Aug 28, 2016 at 05:19:50**

**Name: ORI TAMUZ**
**DOB:** ▓▓▓/83
**COC: USA**

# SHOW THIS RECEIPT AT EXIT

**Location: 0062261**
**Reference Code: PG**          YTMxQjM 20
**Airline/Flight Number: DL469**

CBP Form 7662 (02/08)



# EXHIBIT "C"

## RETURN OF SERVICE

**State of FLORIDA**                    **County of MIAMI-DADE**                    **Circuit Court**

Case Number: 2016-019448-CA-01

Plaintiff:
**BRYAN RAMIREZ**

vs.

Defendant:
**DIAMOND TOUCH, INC., ET. AL.,**

For:
Anthony M. Georges-Pierre
REMER & GEORGES-PIERRE, PLLC
44 W. Flagler Street
Ste 2200
Miami, FL  33130

Received by OJF SERVICES, INC. on the 9th day of August, 2016 at 8:39 am to be served on **ORI TAMUZ, 495 BRICKELL AVENUE, #2609, MIAMI BEACH, FL 33139.**

I, JOHN BETANCOURT, do hereby affirm that on the **27th day of August, 2016 at 3:15 pm, I:**

**INDIVIDUAL/PERSONAL:**  served by delivering a true copy of the **SUMMONS AND COMPLAINT** to: **ORI TAMUZ** at the address of: **4469 ALTON RD., MIAMI BEACH, FL 33140** with the date and hour of service endorsed thereon by me, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** The person served with said documents refused to state whether or not the Defendant is in the Military Service of the United States of America.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

JOHN BETANCOURT
CPS #2212

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**
Our Job Serial Number: OJF-2016011760

Copyright © 1992-2011 Database Services, Inc. – Process Server's Toolbox V6.5n

# EXHIBIT "D"

## Martin Saenz

| | |
|---|---|
| **From:** | Anaeli C. Petisco <apetisco@rgpattorneys.com> |
| **Sent:** | Monday, October 3, 2016 1:24 PM |
| **To:** | Martin Saenz |
| **Cc:** | Rainier Regueiro; Patrick Nitchman; Ursula; Ilona; agp@rgpattorneys.com; apetisco@rgpattorneys.com; Elsa Peraza |
| **Subject:** | RE: Bryan Ramirez v. Diamond Touch and NovaNovaPosInc., Case No.: 2016-014448-CA-01 |

Martin,

Thank you for the e-mail.

As you are likely aware, today is a Jewish holiday that many folks observe. Your e-mail is time-stamped 10:39 a.m. with what appears to be a conferral window of "close of business". That is not a proper conferral under the local rules for the Southern District of Florida and in light of the holiday.

That being said, we will review the furnished documents and provide a timely response tomorrow, October 4, 2016.

Cordially,

---

**ANAELI C. PETISCO, ESQ.**
*Associate Attorney*

**REMER & GEORGES-PIERRE** PLLC
ATTORNEYS AT LAW

| | |
|---|---|
| **Main:** | 305-416-5000 |
| **Fax:** | 305-416-5005 |

apetisco@rgpattorneys.com
Attorney Biography

COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, Florida 33130

State & Federal Court Trial Attorneys | rgpattorneys.com

**Confidentiality Notice**
This electronic message is intended to be viewed only by the individual or entity to whom it is addressed.  It may contain information that is privileged, confidential and exempt from disclosure under applicable law.

Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system. Thank you.IRS Circular 230 Disclosure: You have hereby informed and advised that to the extent this e-mail (including any attachments hereto) contains any United States federal tax advice, that such advice is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code. Moreover, no portion of this e-mail (including any attachments hereto) may be used in connection with the promotion, marketing or recommendation to any party or person of any transaction or matter addressed herein as my in any way pertain or relate to any United States federal tax advice.  The foregoing disclosure is being made in order to comply with the requirements of IRS Circular 230, and is not made to suggest or imply that any tax advice is being rendered herein, insofar as Remer & Georges-Pierre, PLLC, does not render tax advice within the normal course of its practice.

---

**From:** Martin Saenz [mailto:msaenz@saenzanderson.com]
**Sent:** Monday, October 3, 2016 10:39 AM
**To:** 'Anthony M. Georges-Pierre'
**Cc:** 'Rainier Regueiro'; 'Patrick Nitchman'; 'Ursula'; 'Ilona'; 'Anaeli C. Petisco'
**Subject:** RE: Bryan Ramirez v. Diamond Touch and NovaNovaPosInc., Case No.: 2016-014448-CA-01

Anthony and Rainier,

I have been retained to represent Ori Tamuz.

Please review the attached and let me know by the end of the day if you will agree to vacate the Order granting your final judgment and the default entered by the Clerk.

As the attached documents suggest, the return of service prepared by your server is simply wrong and therefore the default and post orders must be set aside.

If you do not agree to setting aside, I will file the appropriate documents, request an evidentiary hearing on the matter and will be forced to seek sanctions, which I do not want to do.

Thank you.

 SAENZ & ANDERSON
ATTORNEYS AT LAW

**R. Martin Saenz, Esq.\*\***
SAENZ & ANDERSON, PLLC\*
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Tel: 305.503.5131
Fax: 1.888.270.5549
Website: www.saenzanderson.com and www.miamiemploymentattorney.com
Email: msaenz@saenzanderson.com
Facebook: www.facebook.com/SaenzAndersonLaw

*\*Our mission is to bring justice at the workplace through powerful and effective legal representation, while remaining truly caring and compassionate to our clients.*

*\*Listed in Superlawyers Magazine in 2012, 2013, and 2014.*

CONFIDENTIALITY NOTICE: This message is for the named person's use only. It may contain confidential, proprietary or legally privileged information. No confidentiality or privilege is waived or lost by any mis-transmission. If you receive this message in error, please immediately delete it and all copies of it from your system, destroy any hard copies of it and notify the sender. You must not, directly or indirectly, use, disclose, distribute, print, or copy any part of this message if you are not the intended recipient. SAENZ & ANDERSON reserves the right to monitor all e-mail communications through its networks. Any views expressed in this message are those of the individual sender, except where the message states otherwise and the sender is authorized to state them to be the views of any such entity.

CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this transmittal, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under the U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

**From:** Anthony M. Georges-Pierre [mailto:agp@rgpattorneys.com]
**Sent:** Friday, September 30, 2016 10:31 AM
**To:** Martin Saenz <msaenz@saenzanderson.com>
**Cc:** 'Rainier Regueiro' <rregueiro@rgpattorneys.com>; 'Patrick Nitchman' <pn@rgpattorneys.com>; 'Ursula'

**Martin Saenz**

| | |
|---|---|
| **From:** | Anthony M. Georges-Pierre <agp@rgpattorneys.com> |
| **Sent:** | Monday, October 10, 2016 9:36 AM |
| **To:** | Martin Saenz |
| **Cc:** | Rainier Regueiro; Patrick Nitchman; Ursula; Ilona; Anaeli C. Petisco |
| **Subject:** | Re: Bryan Ramirez v. Diamond Touch and NovaNovaPosInc. |

Thank you for the e- mail.

Did you see, read and understand my last E-mail. The items you sent fall short of convincing. Send full and un redacted travel documents as previously requested.

If you are unable to provide the requested items which would remove doubt of the veracity of the deficiencies detailed earlier, be sure your motion advises the court if our reasonable requests.

Cordially,

Sent from my iPhone and dictated. I apologize in advance for any syntax and/or typographical errors.

---

**ANTHONY M. GEORGES-PIERRE, ESQ.**
*Partner*

| Main: | 305-416-5000 |
|---|---|
| Fax: | 305-416-5005 |

agp@rgpattorneys.com
Attorney Biography

**REMER & GEORGES-PIERRE PLLC**
ATTORNEYS AT LAW

COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, Florida 33130

---

**State & Federal Court Trial Attorneys | rgpattorneys.com**

---

**Confidentiality Notice**
This electronic message is intended to be viewed only by the individual or entity to whom it is addressed.  It may contain information that is privileged, confidential and exempt from disclosure under applicable law.

Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system. Thank you.??IRS Circular 230 Disclosure: You have hereby informed and advised that to the extent this e-mail (including any attachments hereto) contains any United States federal tax advice, that such advice is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code. Moreover, no portion of this e-mail (including any attachments hereto) may be used in connection with the promotion, marketing or recommendation to any party or person of any

1

transaction or matter addressed herein as my in any way pertain or relate to any United States federal tax advice. The foregoing disclosure is being made in order to comply with the requirements of IRS Circular 230, and is not made to suggest or imply that any tax advice is being rendered herein, insofar as Remer & Georges-Pierre, PLLC, does not render tax advice within the normal course of its practice.

On Oct 10, 2016, at 9:20 AM, Martin Saenz <msaenz@saenzanderson.com> wrote:

> Anthony, do you agree to setting aside the default and order granting final judgment?  I will be seeking an evidentiary hearing and request sanctions if you do not.  I plan on filing by noon.
>
> <image001.jpg>
>
> **R. Martin Saenz, Esq.\*\***
> SAENZ & ANDERSON, PLLC\*
> 20900 N.E. 30th Avenue, Ste. 800
> Aventura, Florida 33180
> Tel: 305.503.5131
> Fax: 1.888.270.5549
> Website: www.saenzanderson.com and www.miamiemploymentattorney.com
> Email: msaenz@saenzanderson.com
> Facebook: www.facebook.com/SaenzAndersonLaw
>
> *\*Our mission is to bring justice at the workplace through powerful and effective legal representation, while remaining truly caring and compassionate to our clients.*
>
> *\*Listed in Superlawyers Magazine in 2012, 2013, and 2014.*
>
> CONFIDENTIALITY NOTICE: This message is for the named person's use only. It may contain confidential, proprietary or legally privileged information. No confidentiality or privilege is waived or lost by any mis-transmission. If you receive this message in error, please immediately delete it and all copies of it from your system, destroy any hard copies of it and notify the sender. You must not, directly or indirectly, use, disclose, distribute, print, or copy any part of this message if you are not the intended recipient. SAENZ & ANDERSON reserves the right to monitor all e-mail communications through its networks. Any views expressed in this message are those of the individual sender, except where the message states otherwise and the sender is authorized to state them to be the views of any such entity.
>
> CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this transmittal, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under the U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.
>
> ---
>
> **From:** Martin Saenz [mailto:msaenz@saenzanderson.com]
> **Sent:** Wednesday, October 5, 2016 8:54 AM
> **To:** 'Anthony M. Georges-Pierre' <agp@rgpattorneys.com>
> **Cc:** 'Rainier Regueiro' <rregueiro@rgpattorneys.com>; 'Patrick Nitchman' <pn@rgpattorneys.com>; 'Ursula' <ursula@saenzanderson.com>; 'Ilona' <ilona@saenzanderson.com>; 'Anaeli C. Petisco' <apetisco@rgpattorneys.com>
> **Subject:** RE: Bryan Ramirez v. Diamond Touch and NovaNovaPosInc.

2

Anthony, please review the attached and immediately agree to vacate the default and order granting default judgment. I will have no choice, but to proceed as I initially suggested if you do not.

Also, please remember to keep my client's personal information confidential. Thanks.

<image001.jpg>

**R. Martin Saenz, Esq.\*\***
SAENZ & ANDERSON, PLLC\*
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Tel: 305.503.5131
Fax: 1.888.270.5549
Website: www.saenzanderson.com and www.miamiemploymentattorney.com
Email: msaenz@saenzanderson.com
Facebook: www.facebook.com/SaenzAndersonLaw

*\*Our mission is to bring justice at the workplace through powerful and effective legal representation, while remaining truly caring and compassionate to our clients.*

*\*Listed in Superlawyers Magazine in 2012, 2013, and 2014.*

CONFIDENTIALITY NOTICE: This message is for the named person's use only. It may contain confidential, proprietary or legally privileged information. No confidentiality or privilege is waived or lost by any mis-transmission. If you receive this message in error, please immediately delete it and all copies of it from your system, destroy any hard copies of it and notify the sender. You must not, directly or indirectly, use, disclose, distribute, print, or copy any part of this message if you are not the intended recipient. SAENZ & ANDERSON reserves the right to monitor all e-mail communications through its networks. Any views expressed in this message are those of the individual sender, except where the message states otherwise and the sender is authorized to state them to be the views of any such entity.

CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this transmittal, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under the U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

**From:** Anthony M. Georges-Pierre [mailto:agp@rgpattorneys.com]
**Sent:** Tuesday, October 4, 2016 1:24 PM
**To:** Martin Saenz <msaenz@saenzanderson.com>
**Cc:** 'Rainier Regueiro' <rregueiro@rgpattorneys.com>; 'Patrick Nitchman' <pn@rgpattorneys.com>; 'Ursula' <ursula@saenzanderson.com>; 'Ilona' <ilona@saenzanderson.com>; 'Anaeli C. Petisco' <apetisco@rgpattorneys.com>; Microsoft Office User <agp@rgpattorneys.com>
**Subject:** Re: Bryan Ramirez v. Diamond Touch and NovaNovaPosInc.

Martin – thank you for the e-mail.

Please forward a copy of Ori Tamuz's biographical passport page that coincides with the international stamp (page indicating full name and date of birth, etc.). Also, the travel document has the date of birth redacted (very suspicious). Re-send with the date of birth not redacted. How do I know that the Ori Tamuz listed is

not his and Netali Pelles' child (Ori, Junior).  I do not believe you have sent enough to convince me that this in
fact is the same Ori Tamuz as the named defendant.

Cordially,

| | |
|---|---|
| **ANTHONY M. GEORGES-PIERRE, ESQ.** <br> *Partner* <br><br> \<image002.png\> | Main:    305-416-5000 <br> Fax:    305-416-5005 <br><br> agp@rgpattorneys.com <br> Attorney Biography <br><br> COURTHOUSE TOWER <br> 44 West Flagler Street, Suite 2200 <br> Miami, Florida 33130 |

State & Federal Court Trial Attorneys | rgpattorneys.com

**Confidentiality Notice**
This electronic message is intended to be viewed only by the individual or entity to whom it is addressed.  It may contain information that is
privileged, confidential and exempt from disclosure under applicable law.

Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this
message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from
your computer system. Thank you.??IRS Circular 230 Disclosure: You have hereby informed and advised that to the extent this e-mail (including
any attachments hereto) contains any United States federal tax advice, that such advice is not intended or written to be used, and cannot be
used, for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code. Moreover, no portion of this e-mail
(including any attachments hereto) may be used in connection with the promotion, marketing or recommendation to any party or person of
any transaction or matter addressed herein as my in any way pertain or relate to any United States federal tax advice.  The foregoing disclosure
is being made in order to comply with the requirements of IRS Circular 230, and is not made to suggest or imply that any tax advice is being
rendered herein, insofar as Remer & Georges-Pierre, PLLC, does not render tax advice within the normal course of its practice.

**From:** Martin Saenz <msaenz@saenzanderson.com>
**Date:** Mon, 3 Oct 2016 10:39:23 -0400
**To:** Microsoft Office User <agp@rgpattorneys.com>
**Cc:** 'Rainier Regueiro' <rregueiro@rgpattorneys.com>, 'Patrick Nitchman' <pn@rgpattorneys.com>,
'Ursula' <ursula@saenzanderson.com>, 'Ilona' <ilona@saenzanderson.com>, "'Anaeli C. Petisco'"
<apetisco@rgpattorneys.com>
**Subject:** RE: Bryan Ramirez v. Diamond Touch and NovaNovaPosInc., Case No.: 2016-014448-CA-01

Anthony and Rainier,

I have been retained to represent Ori Tamuz.

Please review the attached and let me know by the end of the day if you will agree to vacate the Order granting your final judgment and the default entered by the Clerk.

As the attached documents suggest, the return of service prepared by your server is simply wrong and therefore the default and post orders must be set aside.

If you do not agree to setting aside, I will file the appropriate documents, request an evidentiary hearing on the matter and will be forced to seek sanctions, which I do not want to do.

Thank you.

<image001.jpg>

**R. Martin Saenz, Esq.\*\***
SAENZ & ANDERSON, PLLC\*
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Tel: 305.503.5131
Fax: 1.888.270.5549
Website: www.saenzanderson.com and www.miamiemploymentattorney.com
Email: msaenz@saenzanderson.com
Facebook: www.facebook.com/SaenzAndersonLaw

*\*Our mission is to bring justice at the workplace through powerful and effective legal representation, while remaining truly caring and compassionate to our clients.*

*\*Listed in Superlawyers Magazine in 2012, 2013, and 2014.*

CONFIDENTIALITY NOTICE: This message is for the named person's use only. It may contain confidential, proprietary or legally privileged information. No confidentiality or privilege is waived or lost by any mis-transmission. If you receive this message in error, please immediately delete it and all copies of it from your system, destroy any hard copies of it and notify the sender. You must not, directly or indirectly, use, disclose, distribute, print, or copy any part of this message if you are not the intended recipient. SAENZ & ANDERSON reserves the right to monitor all e-mail communications through its networks. Any views expressed in this message are those of the individual sender, except where the message states otherwise and the sender is authorized to state them to be the views of any such entity.

CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this transmittal, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under the U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

**From:** Anthony M. Georges-Pierre [mailto:agp@rgpattorneys.com]
**Sent:** Friday, September 30, 2016 10:31 AM
**To:** Martin Saenz <msaenz@saenzanderson.com>
**Cc:** 'Rainier Regueiro' <rregueiro@rgpattorneys.com>; 'Patrick Nitchman' <pn@rgpattorneys.com>; 'Ursula' <ursula@saenzanderson.com>; 'Ilona' <ilona@saenzanderson.com>; 'Anaeli C. Petisco'