UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:16-CV-23744-UNGARO

**BRYAN RAMIREZ,**
and other similarly situated individuals,

        Plaintiff,

v.

**DIAMOND TOUCH, INC**.,
a Foreign Profit Corporation *d/b/a*
**GRANBURY SOLUTIONS**,
**NOVANOVAPOS, INC**.,
a Florida Profit Corporation, *d/b/a*
**NOVA POINT OF SALE**,
**SHAI BENAMO**, individually,
**ORI TAMUZ**, individually, and
**AMIR EGEL**, individually,

        Defendants.
_____/

## JOINT SCHEDULING REPORT

The plaintiff, **BRYAN RAMIREZ** ("**Plaintiff"**), and the defendants, **DIAMOND TOUCH, INC**., a Foreign Profit Corporation *d/b/a* **GRANBURY SOLUTIONS, NOVANOVAPOS, INC.,** a Florida Profit Corporation, *d/b/a* **NOVA POINT OF SALE, SHAI BENAMO**, individually, **ORI TAMUZ**[1], individually, and **AMIR EGEL**, individually

---

[1] On or about September 28, 2016, this Honorable Court entered its Order Directing Clerk to Enter Default as to Ori Tamuz and directing Plaintiff to file a Motion for Final Default Judgment against Defendant [Tamuz]. *See* [ECF No. 18]. On or about September 29, 2016, Plaintiff filed his Motion for Final Default Judgment against Defendant Ori Tamuz in compliance with Court Order [ECF No. 19]. *See* [ECF No. 20]. On or about September 30, 2016, this Court entered its Order Granting Motion for Final Default Judgment in favor of Plaintiff against Defendant [Tamuz]. *See* [ECF No. 21]. Defendant Ori Tamuz is currently conferring with Plaintiff's attorneys whether they agree to an Order Vacating the Default and the Order Granting Motion

(collectively "**Defendants**"), by and through their respective undersigned counsel and pursuant to Rule 16.1(B), Local Rules for the Southern District of Florida ("S.D. Fla. L.R."), hereby submit this Joint Scheduling Report. The undersigned counsels certify that they conferred on **October 7, 2016** in accordance with S.D. Fla. L.R. 16.1 and certify that they have exchanged their initial disclosures.

1. **A plain statement of the nature of the claim and any counterclaims, cross-claims, or third-party claim, including the amount of damages claimed and any other relief sought.**

Plaintiff filed suit against Defendants regarding alleged unpaid overtime wages, in violation of the Fair Labor Standards Act. 29 U.S.C. § 201, *et seq*. The Complaint provides that Plaintiff is seeking: (1) damages for unpaid overtime compensation; (2) liquidated damages; (3) attorneys' fees and costs; (4) post-judgment interest; and (5) a declaration from the Court that Defendant willfully violated the FLSA for unpaid wages. The Plaintiff seeks an excess of $15,000.00 in damages, exclusive of liquidated damages, attorneys' fees and costs. Presently, there are no counterclaims, cross-claims or third-party claims.

Defendants deny Plaintiff's allegations. Defendants assert that Plaintiff's claims will fail as a matter of law and fact. Defendants' affirmative defenses in their Answers set out their respective positions.

2. **A brief summary of the facts which are uncontested or which can be stipulated to without discovery.**

The Parties stipulate the following:

---

for Final Default Judgment against Ori Tamuz. Defendant Ori Tamuz filed a Motion to Vacate the Default and Order Granting Motion for Final Default Judgment against him on the grounds that he was never served with the Complaint and Defendant Ori Tamuz alleges that Plaintiff's process server's Affidavit on service is a fraud on the Court. *See* [ECF No. 23]. Plaintiff disagrees with Defendant Ori Tamuz's position and is under Court Order to file his response. Plaintiff opposes Defendant, Ori Tamuz's, Motion to Vacate and asserts that Defendant Ori Tamuz was properly served, and has otherwise failed to meet its burden in seeking relief.

- Plaintiff worked for NovaNovaPOS as a non-exempt employee from August, 2012 through April 30, 2014 and for Granbury as a non-exempt employee from May 1, 2014 through July 12, 2015.

- NovaNovaPOS had no ownership, operational, or other interest in the location where Plaintiff worked after April 30, 2014.

- Granbury had no ownership, operational, or other interest in the location where Plaintiff worked before May 1, 2014.

The Parties will work together toward the possibility of obtaining admissions of fact and documents which will avoid unnecessary proof, stipulations regarding authenticity of documents, and the need for advanced ruling from Court on admissibility of evidence.

**3.    A brief summary of the issues as presently known.**

a**.**    Whether Plaintiff is entitled to unpaid overtime from all Defendants and, if so, in what amount?

b.    Whether Plaintiff is entitled to liquidated damages?

c.    Whether any alleged violation of the FLSA was willful?

d.    Whether any party is entitled to attorneys' fees.

e.    Whether Plaintiff's Complaint states a claim upon which relief can be granted.

f.    Whether Plaintiff's claims under the FLSA and for liquidated damages are barred on the grounds that, pursuant to 29 U.S.C. §§ 258(a) and 259(a), the acts or omissions complained of in this case were in good faith and in conformity with and in reliance on written administrative regulations, orders, rulings, approvals or other interpretations of the Administrator of the Wage and Hour Division of the Department of Labor, and Granbury had reasonable grounds to believe that it was not violating the FLSA.

  g. Whether Plaintiff's claims for overtime compensation must be offset by any compensation paid to Plaintiff, at his regular rate or otherwise, for meal breaks, other breaks, vacation and holidays, as well as for hours worked in excess of 40 hours each workweek, if any.

  h. Whether Plaintiff's unpaid overtime activities alleged in the Complaint, to the extent they actually existed, were non-compensable by express contract, custom, or practice.

  i. Whether Plaintiff's claims under the FLSA are barred by the doctrine of estoppel, waiver, and/or unclean hands to the extent that Plaintiff seeks compensation for hours of work which contradicts his prior representations regarding the hours he worked made during his employment.

  j. Whether any work performed by Plaintiff was completely voluntary in nature and without Defendants' knowledge or authorization, was not required by Defendants as a term or condition of Plaintiff's continued employment, and does not constitute compensable working time under the FLSA.

  k. Whether, even if the allegations contained in Plaintiff's Complaint are true (which they are not), to the extent that the time for which Plaintiff alleges he has not been compensated involves only insubstantial or insignificant periods of time, these period of time are "*de minimis*" and are not compensable under the FLSA pursuant to 29 C.F.R. § 785.47.

  l. Whether Plaintiff's claims are barred, in whole or in part, based on the principles set forth in <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775 (1998), that Defendants exercised reasonable care to prevent and promptly correct any violation of the FLSA, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

  m. Whether the claims of a yet unnamed member of the collective action (assuming this matter proceeds as a collective action, which it should not) are barred, in whole or in part, by the relevant statute(s) of limitations.

  n. Whether Plaintiff's claim against NovaNovaPOS is barred, in whole or in part, to the extent he seeks to recover monies for periods after May 1, 2014, as NovaNovaPOS was not an employer under the FLSA, and had no ownership or operational or other interest in the location where Plaintiff worked after this date.

  o. Whether Plaintiff's claim against Granbury is barred, in whole or in part, to the extent he seeks to recover monies for periods prior to May 1, 2014, as Granbury had no ownership or operational or other interest in the location where Plaintiff worked until the acquisition that occurred on May 1, 2014.

  p. Whether, for some or all of the claims asserted, individual issues of fact or law predominate over common issues.

  q. Whether Plaintiff is not entitled to maintain this lawsuit as a collective action to the extent that discovery reveals he is not an adequate representative of those individuals he purports to represent.

  r. Whether Plaintiff can satisfy the numerosity, commonality, typicality, and/or the adequate representative standards and/or requirements necessary for this case to proceed as an opt-in class or collective action.

  s. Whether the Plaintiff and his attorneys should be sanctioned under 28 U.S.C. Section 1927 for claiming to be owed moneys from the Defendants during time periods in which the Plaintiff knew or should have known the Defendants were not his employers.

**4.      Whether discovery should be conducted in phases or limited to particular issues.**

At this time, the Parties do not believe discovery should be conducted in phases or limited to particular issues.

**5.      A detailed schedule of discovery for each party.**

The Parties provide that such discovery shall be completed in accordance with the applicable Federal Rules of Civil Procedure that govern the extent and time limitations of such discovery.

**6.      Proposed deadlines for joinder of other parties and to amend the pleadings, to file and hear motions and to complete discovery.**

The Parties propose that the deadline to amend the pleadings and for joinder of additional parties shall be **November 11, 2016**. Plaintiff shall provide Defendants with an expert witness list accompanied by the summaries and reports required by Local Rule 16.1(K) by **January 30, 2017**.  Defendants shall provide Plaintiff with an expert witness list accompanied by the summaries and reports required by Local Rule 16.1(K) by **February 27, 2017**.  Rebuttal expert reports shall be exchanged by **March 27, 2017**.  All discovery shall be completed by **April 10, 2017**. The Parties provide that all summary judgment and other dispositive motions must be filed by **May 25, 2017**. All Pretrial Motions and Memoranda of Law other than dispositive motions must be filed by **August 4, 2017**. Parties shall exchange written lists containing the names and addresses of all witnesses intended to be called at trial by **August 14, 2017**, and only those witnesses listed shall be permitted to testify.

**7.     Proposed approximate dates for final pre-trial conferences and trial.**

The Parties propose that the final pretrial conference take place on or about **September 8, 2017**. The Parties further propose that trial take place during the two-week calendar period that begins on or about **September 18, 2017**.

**8.     The projected time necessary for trial and a statement of whether the case is jury or non-jury trial.**

The Parties propose that trial on the matter will take 3-4 days. Plaintiff has requested a jury trial.

**9.     A list of all pending motions, whether each motion is "ripe" for review, the date each motion became ripe, and a summary of the parties' respective positions with respect to each ripe motion.**

Defendant, Ori Tamuz's Motion to Vacate the Default and Order Granting Motion for Final Default Judgment against him.  *See* [ECF No. 23].  The Motion is not ripe for review as the Plaintiff still has not responded to the Motion and the Defendant, Ori Tamuz, has not had an opportunity to file a reply.

**10.    Any unique legal or factual aspects of the case requiring special consideration by the Court.**

At this time, the Parties do not anticipate that there are any unique legal or factual aspects of the case, requiring a special consideration by the Court.

**11.    Any potential need for references to a special master or magistrate.**

At this time, the Parties do not anticipate a potential need for references to a special master or magistrate regarding this matter.

**12.     The status and likelihood of settlement.**

The Parties have engaged in preliminary settlement negotiations. The Parties are unable to ascertain the likelihood of settlement at this time, but will endeavor through the course of this litigation to discuss settlement.

**13.     Such other matters as are required by Local Rule 16.1(B) and as may aid the Court in setting the case for status or pretrial conference and in the fair and expeditious administrations and disposition of this action.**

**a.     Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or pretrial judgment**.

The Parties will attempt to work in good faith to narrow and simplify the issues for trial, to eliminate claims or defenses found through discovery to be lacking in merit, to obtain admissions of fact and of documents which will avoid unnecessary proof at trial, and to avoid unnecessary discovery.

**b.     The necessity or desirability of amendments to the pleadings.**

None at this time. Should the pleading be amended, amended pleadings shall be filed by **November 11, 2016**.

**c.     The possibility of obtaining admissions of fact and of documents, electronically stored information of things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically store information or things, and the need for advance rulings from the Court on admissibility of evidence**.

Should it become necessary, counsel will meet, as appropriate, to discuss stipulations regarding the authenticity of documents and the need for advance rulings from the Court and the admissibility of evidence.

> **d.**     **Suggestions for the avoidance of unnecessary proof and of cumulative evidence.**

The Parties have no suggestions at this time, but they will meet and seek to stipulate prior to the close of discovery to any facts or the authentication of documents that may simplify the case for trial.

> **e.**     **Other helpful information.**

None at this time.

Dated this 17th day of October, 2016.                    Respectfully submitted,


s/ Anaeli C. Petisco_____
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No. 533637
**Anaeli C. Petisco, Esq.**
Florida Bar No. 113376
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street.
Suite 2200
Miami, Florida 33139
Telephone No.: (305) 416-5000
Facsimile No.: (305) 416-5005
Email: agp@rgpattorneys.com
Email: apetisco@rgpattorneys.com

*Counsel for Plaintiff*

s/ Jennifer A. Schwartz_____
**Jennifer A. Schwartz, Esq.**
Florida Bar No. 502431
**Allison Gluvna Folk, Esq.**
Florida Bar No. 041075
Jackson Lewis P.C.
One Biscayne Tower
2 South Biscayne Blvd.
Suite 3500
Miami, FL 33131
Tel: 305-577-7600
Fax: 305-373-4466
Email: Jennifer.Schwartz@jacksonlewis.com
Email: allison.folk@jacksonlewis.com
*Counsel for Diamond Touch, Inc., d/b/a Granbury Solutions*

**Ruben Martin Saenz, Esq.**
Florida Bar No. 0640166
Saenz & Anderson, PLLC
20900 N.E. 30th Avenue
Suite 800
Aventura, FL 33180
Tel: 305.503.5131
Fax: 1.888.270.5549
Email: msaenz@saenzanderson.com
*Counsel for NovaNovaPos and Ori Tamuz*