UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-cv-23744-UU

BRYAN RAMIREZ,

    Plaintiff,

v.

DIAMOND TOUCH, INC., *et al.*,

    Defendants.

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant, Ori Tamuz's Verified Motion to Vacate Clerk's Entry of Default (D.E. #19) and Order Granting Motion for Final Default Judgment (D.E. #21). D.E. 23.

THE COURT has considered the Motion and the pertinent portions of the record, and is otherwise fully advised in the premises.

On August 27, 2016, Defendant, Ori Tamuz ("Defendant"), was served with Plaintiff's Complaint. D.E. 15. As such, Defendant's response to Plaintiff's Complaint was due on September 19, 2016. Fed. R. Civ. P. 12(a)(1)(A)(i). However, Defendant failed to respond to Plaintiff's Complaint, and thereafter, the Clerk of Court entered default against Defendant on September 28, 2016. D.E. 19. On September 29, 2016, Plaintiff filed his Motion for Default Judgment, which was granted by this Court on September 30, 2016. D.E. 21.

On October 10, 2016, Defendant filed his Motion to Vacate Clerk's Entry of Default and Order Granting Motion for Final Default Judgment. D.E. 23. In his Motion, Defendant argues that the Clerk's Default and the Order Granting Plaintiff's Motion for Final Default Judgment

were entered against Defendant in error because Defendant was never properly served with process and because Plaintiff's process server made material misrepresentations to the Court. Defendant argues that he was not in the United States on August 27, 2016, and therefore, it was impossible that he was served on this date contrary to the process server's affidavit. In response, Plaintiff argues that Defendant fails to meet his burden to set aside the Final Default Judgment, and furthermore, Plaintiff effectuated substitute service on Defendant at the same time and date as indicated on the original return of service. D.E. 15, 26. Therefore, Defendant's argument that he was not properly served is not relevant.

Under Federal Rule of Civil Procedure 55(c), the Court "may set aside final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Pursuant to Rule 60(b), a court may relieve a party or party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "Relief under Rule 60(b)(6) 'is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.'" *Rease v. Harvey*, 376 Fed. Appx. 920, 921 (11th Cir. 2010) (citing *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)). Furthermore, Rule 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

In moving to set aside Final Default Judgment, Defendant does not apply the appropriate legal analysis to the facts of the case. Instead, Defendant argues in conclusory language that he was improperly served. However, Defendant's arguments appear to be geared more towards quashing service rather than setting aside a default judgment under Rule 55(c). Because

Defendant has failed to meet the heavy burden required to set aside a default judgment, the Court does not find that Defendant's default judgment should be set aside at this time. *See Sloss Industries Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007) ("In order to have the default judgment set aside, [Defendant] must show that it had a meritorious defense, that [Plaintiff] would not be prejudiced if the judgment were set aside, and that it had a "good reason" for failing to respond to [Plaintiff's] complaint."). Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant, Ori Tamuz's Verified Motion to Vacate Clerk's Entry of Default (D.E. #19) and Order Granting Motion for Final Default Judgment (D.E. #21) (D.E. 23) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this _1st__ day of November, 2016.

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf