## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-cv-23744-UU

BRYAN RAMIREZ,

     Plaintiff,

v.

DIAMOND TOUCH, INC., *et al.*,

     Defendants.

_____/

### ORDER

THIS CAUSE comes before the Court upon Defendant, Ori Tamuz's Renewed Motion to Set Aside Clerk's Entry of Default and Vacate the Order Granting Motion for Final Default Judgment and, in the Alternative, Motion to Quash and Motion for Reconsideration.  D.E. 37.

THE COURT has considered the Motion and the pertinent portions of the record, and is otherwise fully advised in the premises.

On August 27, 2016, Defendant, Ori Tamuz ("Defendant"), was served with Plaintiff's Complaint.  D.E. 15.  As such, Defendant's response to Plaintiff's Complaint was due on September 19, 2016.  Fed. R. Civ. P. 12(a)(1)(A)(i).  However, Defendant failed to respond to Plaintiff's Complaint, and thereafter, the Clerk of Court entered default against Defendant on September 28, 2016.  D.E. 19.  On September 29, 2016, Plaintiff filed his Motion for Default Judgment, which was granted by this Court on September 30, 2016.  D.E. 21.

On October 10, 2016, Defendant filed his Motion to Vacate Clerk's Entry of Default and Order Granting Motion for Final Default Judgment.  D.E. 23.  In his Motion, Defendant argued that the Clerk's Default and the Order Granting Plaintiff's Motion for Final Default Judgment

were entered against Defendant in error because Defendant was never properly served with process and because Plaintiff's process server made material misrepresentations to the Court. Defendant argued that he was not in the United States on August 27, 2016, and therefore, it was impossible that he was served on this date contrary to the process server's affidavit.

On November 1, 2016, the Court denied Defendant's Motion to Vacate Clerk's Entry of Default and Order Granting Motion for Final Default Judgment.  D.E. 34.  The Court found Defendant's argument that he was not properly served was not relevant because Plaintiff effectuated substitute service on Defendant at the same time and ate as indicated on the original return of service.  *Id.*  In addition, the Court found that Defendant failed to apply the appropriate legal analysis to the facts of the case, and failed to meet the heavy burden required to set aside a default judgment.  *Id.*

On November 8, 2016, Defendant filed his Renewed Motion to Set Aside Clerk's Entry of Default and Vacate the Order Granting Motion for Final Default Judgment and, in the Alternative, Motion to Quash and Motion for Reconsideration.  D.E. 37.  In his Motion, Defendant raises the same arguments that he raised in his previously-denied Motion to Vacate. On November 17, 2016, Plaintiff filed his Response in Opposition to Defendant, Ori Tamuz's Renewed Motion to Vacate the Order (D.E. 42) and argued that Defendant's Motion should be denied because the Court already considered and rejected the same arguments raised in Defendant's original Motion to Vacate (D.E. 34); therefore, Defendant does not meet the standard necessary for this Court to reconsider her prior Order.

Under Federal Rule of Civil Procedure 55(c), the Court "may set aside final default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  Pursuant to Rule 60(b), a court may relieve a party or party's legal representative from a final judgment, order, or proceeding for the

following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . .  or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  "Relief under Rule 60(b)(6) 'is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.'"  *Rease v. Harvey*, 376 Fed. Appx. 920, 921 (11th Cir. 2010) (citing *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).  Furthermore, Rule 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

The Court is not persuaded that a reconsideration of her prior Order is necessary.  In his Motion for Reconsideration, Defendant simply re-raises the same arguments that were raised and considered by this Court in denying his initial Motion to Vacate.  *See Hays v. Page Perry, LLC*, 92 F. Supp. 3d 1315, 1320 (N.D. Ga. 2015) ("[A] party 'may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind.").  Defendant fails to meet the necessary threshold for this Court to re-visit and reconsider her prior Order under Rule 60(b).  Accordingly, it is hereby

ORDERED AND ADJUDGED that Ori Tamuz's Renewed Motion to Set Aside Clerk's Entry of Default and Vacate the Order Granting Motion for Final Default Judgment and, in the Alternative, Motion to Quash and Motion for Reconsideration (D.E. 37) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 5th day of December, 2016.

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf